# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>**v.**<br><br>CANDIDO O. APONTE-VELLON,<br><br>**Defendant**. | **Criminal No**. 11-460 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the "motion for appropriate relief" of defendant Candido O. Aponte-Vellon ("defendant Aponte"), (Docket No. 143). The motion states that on the eve of sentencing, defendant Aponte "insisted [to his counsel] that he wants to withdraw his plea of guilty." Id. at p. 2. His counsel now seeks to withdraw, indicating that a conflict of interest exists due to his belief that defendant Aponte's guilty plea "was voluntary and intelligent." Id. at p. 2. This is not the first time defendant Aponte has made such a request; over the course of this case, he has filed three motions for ineffective assistance of counsel, all of which the Court denied. (Docket Nos. 96, 107, 138.)

The Court views defendant Aponte's last minute maneuver of seeking to change counsel as "a desperate attempt to game the system." See United States v. Maldonado, No. 12-1012, at 5 (1st Cir. 2013). The First Circuit Court of Appeals has held that a

criminal defendant's Sixth Amendment right to retain counsel of one's choosing is not absolute: "[U]ltimately, a defendant's right to select his own counsel 'cannot be insisted upon in a manner that will obstruct reasonable and orderly court procedure.'" Maldonado, No. 12-1012, at 9 (1st Cir. 2013) (citing United States v. Neal, 36 F.3d 1190, 1206-06 (1st Cir. 1994).  Because the Court finds that defendant Aponte's motion for appropriate relief is "nothing but obstructionism" designed to give him a second bite at the apple, it **DENIES** his motion.  See Maldonado, No. 12-1012, at 11.

As the magistrate judge twice found, defendant Aponte entered into his plea agreement knowingly and voluntarily.  On September 19, 2012, he appeared at his change of plea hearing and was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.  (Docket No. 102 at p. 2.)  Defendant Aponte indicated and confirmed his intention to plead guilty to Counts One and Two of the Superseding Indictment.  Id.  The magistrate judge was able "to ascertain his capacity and ability to understand, answer[,] and comprehend the interactive colloquy with the magistrate judge" and determined that defendant Aponte was competent and had the ability to understand the proceedings by questioning him about his age, education, use of medication, drugs, alcohol, or substance dependency, and psychological or psychiatric condition.  Id.  At the change of plea hearing, defendant Aponte also verified that he

had consulted with his counsel, Assistant Federal Public Defender, Carlos A. Vazquez-Alvarez, prior to the hearing for change of plea and confirmed that he "was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case . . . ." Id. He also provided "an individualized and positive acknowledgment of each and every waiver," and "indicated he freely and voluntarily waived those rights and understood the consequences." Id. at p. 3.

The magistrate judge again found defendant Aponte to have made his plea knowingly and willingly after conducting a hearing regarding his motion for ineffective assistance of counsel on January 24, 2013. At that hearing, defendant Aponte was placed under oath and indicated that he wished to withdraw his guilty plea "because the plea[] for nine (9) years of imprisonment [is] not fair." (Docket No. 135 at p. 7.) He also sought new counsel because he felt that his attorney "has not been effective and he has lost confidence in his counsel." Id. In a report and recommendation issued to this Court, the magistrate judge reiterated her previous finding that "there were no signs during the change of plea hearings which alerted the undersigned that defendants were not entering their pleas knowingly, voluntarily and intelligently . . . . Moreover, we harbor no doubt that AFPD Vazquez . . . ha[s] effectively represented [his] client[]." Id. at p. 12. Nonetheless, given defendant Aponte's feeling of

discomfort with his counsel, and defendant Aponte's counsel's lack of desire to continue representing his client due to a conflict of interest, the magistrate judge recommended the appointment of new counsel.  Id. at p. 13.

The Court subsequently disagreed with the magistrate judge that new counsel was warranted, finding the representation of defendant Aponte's lawyer to be "not just adequate, but exemplary, considering the nature of the allegations in the indictment, the sentence[] to which the defendant[] [was] exposed[,] and the terms of the plea agreement[]."  (Docket No. 138 at pp. 3—4.)  It noted that the AUSA prosecuting the case also detailed defense counsel's successful efforts to negotiate pleas of nine years imprisonment after the initial plea offers were for 18 years, and that "she was adamant that even if substitute counsel were appointed for defendants, there would not be any more plea negotiations."  Id. at p. 4.  Accordingly, the Court found "no reason" to change counsel. Id.  It reaffirms those findings today.

Pursuant to Local Rule 162(b), "no attorney may withdraw an appearance in any action pending except by leave of Court."  The Court declines to extend that leave to defendant Aponte's counsel on the date of sentencing.  The magistrate judge indicated that defendant Aponte's motion "raises a panoply of arguments which are not in tune with the proceedings in this case."  (Docket No. 135 at p. 6.)  The Court agrees, and finds defendant Aponte's renewed

attempted firing of counsel to be a "subterfuge intended to undermine these proceedings." See United States v. Maldonado, No. 12-1012 at 5 (1st Cir. 2013).  It is clear that defendant Aponte is not pleased with the term of incarceration to which he agreed in his plea agreement.  He must live today, however, with the consequences he acknowledged at his change of plea hearing, and not take "a defiant stance, pulling out all the stops to jam-up the proceedings." See Maldonado, No. 12-1012 at 11.  Because he made his guilty plea knowingly and voluntarily, and because the Court regards defense counsel's representation to be effective, if not exemplary, defendant Aponte may not now seek new counsel or to withdraw his guilty plea.

As did the trial court in Maldonado, this Court finds that defendant Aponte's motion is not a sincere dismissal, that the record is now replete with examples of defendant Aponte's resistance, and that such conduct has been designed towards obstruction.  The Court finds no reason to grant a sentencing continuance to change counsel, especially given the AUSA's caution that no more plea negotiations would take place even if substitute counsel were appointed.  Accordingly, defendant's motion "for appropriate relief," (Docket No. 143), is **DENIED**, and the Court orders the sentencing to go forward at 9:00 AM on February 14, 2013.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 14, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE